T.C. Summary Opinion 2001-91


UNITED STATES TAX COURT


JAMES A. AND DEBRA J. POYDA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18313-99S.                     Filed June 22, 2001.


James A. Poyda and Debra J. Poyda, pro sese.

George W. Bezold, for respondent.


DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes of $1,648 and $1,159 for the taxable years 1995 and 1996.

The sole issue for decision is whether certain medical expenses are deductible under section 162(a).[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Medford, Wisconsin, on the date the petition was filed in this case.

Among several other endeavors, petitioners owned and operated a Christmas tree farm during 1995 and 1996. The property on which the trees were grown was titled in both petitioners' names and is subject to a mortgage for which both are responsible. At the time of trial, there were approximately 55,000 trees on an 80-acre portion of the farm and petitioners sold Christmas trees on 14 lots. However, during the years in issue the farm was in an earlier stage of development and petitioners were not yet cutting and selling trees. At that

---

[1]Respondent's adjustments for each year to the earned income credit and the self-employment income tax deduction, as well as his calculation of petitioners' liability for self-employment income tax, are computational and will be resolved by the Court's holding on the issue in this case.

time, work on the farm directly involving the trees--such as mowing, fertilizing, pruning, and shearing--occurred in the months of May through September. Other business activity continued through winter months, but these months were not as busy as summer.

During 1995 and 1996, Ms. Poyda worked 2 days a week at the Medford Area Chamber of Commerce. In addition, she worked an undetermined amount of time with the Christmas tree farm and also helped in keeping the books and records for petitioners' other endeavors in logging and the growing of ginseng. All of petitioners' activities were conducted out of a home office. No records were maintained by petitioners documenting the amount of time Ms. Poyda spent on farm activities.

According to the Forms W-2 issued by Mr. Poyda to Ms. Poyda in 1995 and 1996, she respectively earned $5,200 and $5,400, or an average monthly salary of approximately $433 and $450. Ms. Poyda earned $6,857 in 1995 and $6,525 in 1996 from her 2-day-per-week job at the Medford Area Chamber of Commerce. She received no compensation for work done in connection with petitioners' logging and ginseng activities.

Mr. and Ms. Poyda and their four children received benefits in the form of health insurance coverage and medical expense reimbursement from a plan provided to Ms. Poyda, purportedly in connection with her status as an employee of the farm. This

plan, administered by Mr. Poyda, was provided by him to his employees who were aged 25 and older, had worked for him for 36 months, and who worked at least 35 hours per week.[2]  Expenditures pursuant to this plan were incurred in the following amounts:

|                    | 1995    | 1996    |
|--------------------|---------|---------|
| Insurance premiums | $1,742  | $1,243  |
| Reimbursements     | 3,274   | 3,734   |
| Total              | 5,016   | 4,977   |

Petitioners filed joint Federal income tax returns in 1995 and 1996.  Deductions were claimed by petitioners on Schedules F, Profit or Loss From Farming, for employee benefits in the amounts of $5,016 in 1995 and $4,977 in 1996.  These expenses were disallowed by respondent because petitioners did not establish that these amounts claimed as employee benefits constituted ordinary and necessary business expenses.  The adjustments in the notice of deficiency increase petitioners' self-employment income by $5,016 in 1995 and by $5,000 in 1996.

Respondent argues that the disallowed expenses are not deductible as trade or business expenses under section 162(a) because Ms. Poyda was not a bona fide employee of her husband.

A taxpayer generally may deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in

_____

[2]Respondent asserts in his trial memorandum that Ms. Poyda was the only eligible employee under this plan.  There is no evidence in the record indicating whether or not there were other eligible employees.

carrying on any trade or business". Sec. 162(a). This includes expenditures for "a sickness, accident, hospitalization, medical expense, * * * or similar benefit plan * * * if they are ordinary and necessary expenses of the trade or business." Sec. 1.162-10(a), Income Tax Regs.

An ordinary expense is one that relates to a transaction "of common or frequent occurrence in the type of business involved", Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is "appropriate and helpful" for "the development of the petitioner's business," Welch v. Helvering, 290 U.S. 111, 113 (1933).

We first address the question whether Ms. Poyda was an employee of her husband. Whether an individual is an employee is a question of fact. See Packard v. Commissioner, 63 T.C. 621, 629-630 (1975); Haeder v. Commissioner, T.C. Memo. 2001-7. To determine whether an employer-employee relationship exists, courts generally apply a common law agency test. See Matthews v. Commissioner, 92 T.C. 351, 360-361 (1989), affd. 907 F.2d 1173 (D.C. Cir. 1990). Where a family relationship is involved, close scrutiny is required to determine whether a bona fide employer-employee relationship existed, and whether payments were made on account of such a relationship or instead on account of the family relationship. See Haeder v. Commissioner, supra.

Petitioners presented as evidence a document alleged to be an employment contract between Ms. Poyda and her husband. According to the terms of this document, dated January 1, 1992, Ms. Poyda agreed to work 35 hours per week for her husband at a monthly salary of $100. Whether petitioners intended this document to be an actual, binding contract is doubtful, primarily because of the following reasons.

First, the document required Ms. Poyda to work 35 hours per week at a monthly salary of $100, which would amount to less than $1 per hour. Ms. Poyda actually earned a monthly salary of approximately $433 and $450 in 1995 and 1996, respectively. Although these amounts are more reasonable, they do not conform to the document.

Second, we are not convinced that Ms. Poyda spent 35 hours per week throughout the year on the farm, as specified in the document. Mr. Poyda testified that Ms. Poyda worked 35 hours per week throughout the year doing "the majority of the work in the Christmas trees," including participation in planting, fertilizing, mowing, pruning, and related activity, as well as all of the "bookworks, phone works, any orders coming in." Ms. Poyda did not testify concerning her own activities. Petitioners presented no evidence corroborating Mr. Poyda's testimony, nor did they provide any details other than these general and conclusory statements. Furthermore, the work on the farm was

subject to seasonal variations, and Ms. Poyda was engaged in other time-consuming activities--employment with the Medford Area Chamber of Commerce, helping with petitioners' other business activities, and her role in raising their four children. Both of these facts support the conclusion that Ms. Poyda did not adhere to the alleged contract by working 35 hours each week.

Third, while Ms. Poyda did perform some services in connection with the tree farm, these services were performed more in the nature of a co-owner than an employee. Petitioners stipulated the fact that they owned and operated the tree farm and that they jointly owned the property on which the farm was located. This signifies joint responsibility for the farm, rather than the existence of an employer-employee relationship. Furthermore, Ms. Poyda also assisted her husband with similar activities in their other business endeavors without receiving compensation therefor. This indicates she was not treated as an employee in any of these contexts.

We find that the expenses were not ordinary and necessary expenses incurred in connection with the tree farm. See Welch v. Helvering, supra. There is nothing in the record to indicate any connection between the medical benefits Ms. Poyda received and her assistance on the farm, or even her assistance with petitioners' other endeavors, regardless of whether that assistance was as an employee or as a co-owner. We find the

medical expenses were not business expenses, but rather were personal expenses of Mr. and Ms. Poyda. See <u>Haeder v. Commissioner</u>, <u>supra</u>. Personal, living, and family expenses generally are not deductible. See sec. 262(a). As respondent concedes, these expenses would be deductible by petitioners, to the extent allowed under section 213(a), without reference to the tree farm. However, such a deduction would not affect petitioners' tax liability.[3] Although neither party addressed the applicability of section 162(l) in this case, we note that because petitioners incurred a loss in the farming activity section 162(l) does not entitle petitioners to deduct a portion of the insurance premiums. See sec. 162(l)(2)(A).

Finally, a Rule 155 computation will be required in this case to correct an adjustment made in the notice of deficiency with respect to taxable year 1996. Petitioners deducted $4,977 in employee benefits on the Schedule F in that year. Respondent's adjustment of $5,000 overstates petitioners' self-employment income by $23.

Reviewed and adopted as the report of the Small Tax Case Division.

---

[3]Petitioners have zero taxable income in each of 1995 and 1996. The deficiencies in this case arise solely from increases in petitioners' self-employment income and petitioners' adjusted gross income (the latter causing an adjustment to the earned income credit). A deduction under sec. 213(a) would affect neither the amount of petitioners' self-employment income nor the amount of their adjusted gross income. See secs. 62(a), 1402(b).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.